**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FRANCISCO JAVIER MILLAN-SOLORZANO,<br><br>  Petitioner,<br><br>v.<br><br>NATHALIE J. ASHER,[1]<br><br>  Respondent. | CASE NO. C10-1888-TSZ-JPD<br><br>REPORT AND RECOMMENDATION |

## I.  INRODUCTION AND SUMMARY CONCLUSION

Petitioner Francisco Javier Millan-Solorzano proceeds pro se in this habeas corpus action challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). Dkt. No. 9. Respondent has moved to dismiss, indicating that an immigration judge has since reviewed petitioner's custody and granted him release on bond of $50,000. Dkt. No. 14. Respondent argues that petitioner has received all the benefits of due process to which he is entitled and requests that his habeas petition be dismissed as moot. *Id*.

---

[1] On October 24, 2010, Nathalie J. Asher became the Field Office Director of the United States Immigration and Customs Enforcement Seattle Field Office. Ms. Asher is automatically substituted for former Field Office Director A. Neil Clark as respondent in this case. Fed. R. Civ. P. 25(d).

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of Ecuador, was admitted to the United States on July 22, 1991, as an immigrant. Administrative Record ("AR") at L10, L417-19. On March 27, 2002, petitioner pled guilty to Assault in the Third Degree – Domestic Violence. AR at R7-20. On April 5, 2002, ICE served him with a Warrant for Arrest of Alien and a Notice to Appear, charging him as subject to removal from the United States pursuant to Section 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA") for having been convicted of a crime of domestic violence. AR at R2-4. ICE set a bond for $50,000. AR at R1. On April 26, 2002, an immigration judge ("IJ") granted petitioner's application for cancellation of removal under INA § 240A(a), and the matter was closed. AR at R59-60.

On November 29, 2007, petitioner was convicted in Pierce County Superior Court of attempted assault in the second degree and was sentenced to 12.75 months imprisonment. AR at R90. ICE placed a detainer on petitioner so that he could be transferred to ICE custody upon completion of his prison sentence. On January 7, 2008, ICE served petitioner with a Warrant for Arrest of Alien and a Notice to Appear charging him as removable under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F) as a crime of violence for which the term of imprisonment is at least one year. AR at R88-90. Upon petitioner's transfer to ICE custody, he was held without bond under INA § 236(c), 8 U.S.C. § 1226(c). On April 5, 2010, an IJ refused to set a bond amount, finding that she lacked jurisdiction under INA § 236(c). AR at R416.

1   On June 7, 2010, the IJ denied petitioner's application for asylum, withholding of removal, and relief under the convention against torture, and ordered him removed from the United States to Ecuador based on the charge contained in the Notice to Appear. AR at R430-40. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision and dismissed the appeal on October 18, 2010. AR at R404-405. Petitioner then filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a request for stay of removal. *Millan-Solorzano v. Holder*, No. 10-73551 (9th Cir. filed November 18, 2010). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. *See id.* Petitioner's petition for review remains pending in the Ninth Circuit.

On or about December 30, 2010, petitioner filed the instant habeas petition, challenging his detention. Dkt. No. 9. On January 3, 2011, an IJ reviewed petitioner's custody status pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008), and ordered that he be released under bond of $50,000. AR at L421. On February 24, 2011, respondent filed a return and motion to dismiss. Dkt. No. 14. Petitioner did not file a response.

### III.   DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id.* Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are not entitled to a

REPORT AND RECOMMENDATION - 3

bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a flight risk or a danger to the community. *See Casas-Castrillon,* 535 F.3d at 946.

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236 until the court renders its decision. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); *Casas-Castrillon*, 535 F.3d at 951.

In *Casas-Castrillon*, the Ninth Circuit held that, in order to avoid the serious constitutional questions raised by indefinite mandatory detention, detention after an alien's administrative proceedings are complete ceases to be mandatory under INA § 236(c) and instead becomes discretionary under INA § 236(a). *See Casas-Castrillon*, 535 F.3d at 950-51. The

REPORT AND RECOMMENDATION - 4

1  Ninth Circuit concluded that an alien who is in immigration detention pending judicial review of

2  an administratively final order of removal is entitled to an individualized bond hearing before an

3  immigration judge and an opportunity to appeal that determination to the BIA.  *See id.*

4        Petitioner, having been convicted of an aggravated felony, was subject to mandatory

5  detention *during* administrative removal proceedings.  On November 18, 2010, however,

6  petitioner filed a petition for review with the Ninth Circuit which issued a stay pending its review

7  of petitioner's administrative removal order.  Because his removal was stayed by the Ninth

8  Circuit pending its review of the BIA decision, petitioner's mandatory detention shifted to

9  discretionary detention under INA § 236(a).  *See Casas-Castrillon*, 535 F.3d at 948.

10        As respondent points out, on January 3, 2011, an immigration judge held an

11  individualized bond hearing pursuant to *Casas-Castrillon*, and granted him release under bond of

12  $50,000.  AR at L421.  Because petitioner has received all of the benefits of due process he is

13  entitled, his petition is now moot and should be dismissed.  *See Prieto-Romero*, 534 F.3d 1053

14  (holding that due process is satisfied once an alien has "had an opportunity to contest the

15  necessity of his detention before a neutral decisionmaker and an opportunity to appeal that

16  determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir.

17  2008) (dismissing as moot part of habeas petition challenging detention without an

18  individualized bond hearing after IJ held a bond hearing).

19  //

20  //

21  //

22  //

23  //

REPORT AND RECOMMENDATION - 5

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of April, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6